IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **E*TRADE Securities LLC**, | ) |
| Interpleader Plaintiff, | ) |
| v. | ) No.: |
| | ) Honorable |
| **Felipe Nery Gomez and Arthur James Muellman Gomez**, | ) |
| Interpleader Defendants. | ) |

## INTERPLEADER COMPLAINT

Interpleader Plaintiff, E*TRADE Securities LLC ("E*TRADE"), by and through its undersigned counsel, for its Interpleader Complaint against Interpleader Defendants, Felipe Nery Gomez ("Felipe Gomez") and Arthur James Muellman Gomez ("AJ Gomez") (collectively, the "Defendants") alleges as follows:

## NATURE OF ACTION

1. This is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure by E*TRADE as a neutral stakeholder of certain cash and stocks (the "Disputed Assets") presently in the possession of E*TRADE. By this interpleader action, E*TRADE seeks to resolve the adverse and competing claims to the Disputed Assets by Defendants AJ Gomez, the sole owner of the E*TRADE Account where the Disputed Assets are currently held, and Felipe Gomez, who is AJ Gomez's father and claims to be in lawful control of the Disputed Assets by virtue of his allegations that he is the custodian of the Disputed Assets.

2. E*TRADE makes no claim of ownership of the Disputed Assets, other than to recover its costs and attorneys' fees related to this action.

3. This interpleader action is necessary due to the adverse and competing claims of

the Defendants to the Disputed Assets which exposes E*TRADE to multiple liability with respect to any disposition of the Disputed Assets absent this Court's resolution of such competing claims. E*TRADE desires to extricate itself from this dispute by depositing the Disputed Assets into the Court registry via this interpleader and thereupon being discharged from any further liability with respect to the Disputed Assets.

## PARTIES

4. Plaintiff, E*TRADE, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. E*TRADE is authorized to do business and is doing business within the State of Illinois.

5. Upon information and belief, Defendant, Felipe Gomez, is an individual residing in Chicago, Illinois. Felipe Gomez is a licensed Illinois attorney.

6. Upon information and belief, Defendant, AJ Gomez, is an individual residing in Chicago, Illinois. AJ Gomez is 20 years of age at the time of this filing.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000 exclusive of interest or costs, Plaintiff is a citizen of the State of New York and Defendants are citizens of the State of Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS SUPPORTING INTERPLEADER

**A.  How E*TRADE Came to Possess the Disputed Assets**

9. Upon information and belief, sometime before July 4, 2011, Sandra W. Gomez ("Sandra Gomez"), AJ Gomez's paternal grandmother, created a custodial account at Charles Schwab whereby Sandra Gomez was the custodian on the account and AJ Gomez was the

beneficiary (the "Charles Schwab Custodial Account").

10. Upon information and belief, Sandra Gomez created the Charles Schwab Custodial Account under the Uniform Transfers to Minors Act ("UTMA").

11. UTMA accounts are custodial accounts that are set up by an adult on behalf of a minor beneficiary where all the assets in the account are held in the beneficiary's name until the beneficiary reaches the age of majority when all the assets in the account are then turned over to the beneficiary.

12. Upon information and belief, Sandra Gomez was a resident of the State of California when she opened the Charles Schwab Custodial Account.

13. Upon information and belief, Sandra Gomez indicated on the application for the Charles Schwab Custodial Account that the account should be governed by California law and the age of termination on the account should be 18.

14. The age of termination for UTMA accounts in California is 18.

15. Upon information and belief, sometime after November 11, 2016 when AJ Gomez turned 18 years of age, Charles Schwab released the assets in the Charles Schwab Custodial Account to an individual savings account at Charles Schwab under AJ Gomez's name ("AJ Gomez's Charles Schwab Account").

16. On December 28, 2018, an individual created an account online at E*TRADE under AJ Gomez's name (the "E*TRADE Account").

17. On the same day the E*TRADE Account was opened, an individual accessed the E*TRADE Account and requested that certain assets contained in AJ Gomez's Charles Schwab Account be transferred to the E*TRADE Account.

18. On January 15, 2019, the E*TRADE Account received 7,775 shares of Ford Motor

Company ("F"), 389 shares of Lennar Corporation Class A shares ("LEN"), 7 shares of Lennar Corporate Class B shares ("LEN.B"), 1 share of Microbot Medical INC ("MBOT"), and 100 shares of Annaly Capital Management Inc. ("NLY") (collectively, the "Disputed Stocks") from AJ Gomez's Charles Schwab Account.

19. On January 18, 2019, the E*TRADE Account received $32,937.07 in cash (the "Disputed Cash") from AJ Gomez's Charles Schwab Account.

20. The Disputed Assets contained in the E*TRADE Account consist of the Disputed Cash and the Disputed Stocks.

21. At the time of this filing, the combined value of the Disputed Assets exceeded $75,000.

**B.  Felipe Gomez's Claims To The Disputed Assets**

22. On January 27, 2019, AJ Gomez, through Felipe Gomez as his counsel, filed a Complaint against Charles Schwab and Charles Schwab employees alleging RICO violations and seeking "disgorgement" of the Disputed Assets from Charles Schwab and "triple damages and Attorney fees, in an amount of at least 1,000,000." This action is currently pending before the Honorable Andrea R. Wood in the United District Court for the Northern District of Illinois as Case: 1:19-cv-00540.

23. On January 29, 2019, Felipe Gomez contacted undersigned counsel threatening to file an amended complaint naming E*TRADE as a defendant and demanding that E*TRADE transfer the Disputed Assets to his or his co-counsel's Interest on Lawyer Trust Accounts ("IOLTA).

24. Felipe Gomez claimed that AJ Gomez directed the Disputed Assets to be transferred to the IOLTAs, but Felipe Gomez did not provide any documentation proving this

authorization.

25. On January 30, 2019, Felipe Gomez demanded that E*TRADE "disgorge" the Disputed Cash to his co-counsel's IOLTA and to transfer the Disputed Stocks to an account at TD Ameritrade.

26. Felipe Gomez claimed that Charles Schwab inappropriately terminated the Charles Schwab Custodial Account and accordingly Felipe Gomez was the custodian of the Disputed Assets.

27. Felipe Gomez did not provide E*TRADE with any documentation verifying that he is the custodian of the Disputed Assets.

28. The E*TRADE Account holding the Disputed Assets is not a custodial account and is solely in the name of AJ Gomez.

29. Felipe Gomez does not have any ownership or interest in the E*TRADE Account.

30. Since January 30, 2019, Felipe Gomez has continued to demand that E*TRADE transfer the Disputed Assets out of the E*TRADE Account, but has yet to provide any documentation proving that AJ Gomez, a legal adult in the State of Illinois and the sole owner of the E*TRADE Account, authorizes or consents to Felipe Gomez's demands.

31. Since Felipe Gomez's initial demand to E*TRADE, he has repeatedly threatened E*TRADE and undersigned counsel personally and repeatedly threatened to bring criminal charges against E*TRADE and undersigned counsel if they did not capitulate to Felipe Gomez's demands.

    **C.**     **E*TRADE's Suspicion That AJ Gomez Has Not Authorized Felipe Gomez's Transfer Demands**

32. Felipe Gomez has repeatedly asserted to E*TRADE that he has AJ Gomez's authorization to distribute the Disputed Assets as AJ Gomez's "independent counsel" and as the

"custodian" of the Disputed Assets, but Felipe Gomez has not provided E*TRADE with any documentation establishing that he has AJ Gomez's authority or that he has any ownership control of the Disputed Assets.

33. Upon information and belief, the phone number associated with the E*TRADE Account belongs to Felipe Gomez, not AJ Gomez.

34. Upon information and belief, Felipe Gomez made multiple telephone calls to E*TRADE attempting to impersonate AJ Gomez in an attempt to gain access to the Disputed Assets.

## INTERPLEADER REQUIREMENTS

35. E*TRADE fully incorporates Paragraphs 1-34 as if fully restated herein.

36. E*TRADE claims no title or interest in the Disputed Assets, with the exception of the attorneys' fees and costs incurred in relation to this action, and is merely a stakeholder that desires protection while this Court determines to whom the Disputed Assets should be paid.

37. The respective claims to the Disputed Assets by Felipe Gomez and AJ Gomez are adverse and conflicting.

38. E*TRADE is unable to determine which, if any, of the claims to the Disputed Assets are valid without this Court's determination of the respective interests of the claimants.

39. E*TRADE reasonably believes that it will be exposed to multiple liability or multiple lawsuits due to the existence of the adverse and conflicting claims of the Defendants to the Disputed Assets.

40. E*TRADE's fear of multiple liability or vexatious litigation of conflicting claims has been justified by Felipe Gomez's repeated civil, criminal, and personal threats to E*TRADE and undersigned counsel.

41. E*TRADE stands ready and willing to distribute the Disputed Assets to the person

lawfully entitled to receive them.

42. E*TRADE has filed this Interpleader Complaint in good faith and without any collusion of the Defendants.

43. As a result of the continuing adverse and conflicting claims, this Interpleader is necessary to ensure that the Disputed Assets are distributed to the lawfully entitled parties.

## **PRAYER FOR RELIEF**

WHEREFORE, E*TRADE respectfully requests that this Court enter an order:

a. Declaring that this Interpleader Complaint was properly filed and that this is a proper cause for interpleader;

b. Directing E*TRADE to (i) liquidate the Disputed Stocks and deposit the proceeds and the Disputed Cash into the Court's registry, (ii) deposit the Disputed Cash into the Court's registry and hold the Disputed Stocks in a restricted E*TRADE account, (iii) hold all of the Disputed Assets in a restricted E*TRADE account, or (iv) hold the Disputed Assets in any other matter as directed by this Court until the parties' respective rights to such Disputed Assets are determined by the Court;

c. Declaring that by obeying the order entered pursuant to part b in this Prayer For Relief, E*TRADE is discharged from any and all further obligations or liabilities whatsoever with respect to the Disputed Assets;

d. Directing Felipe Gomez and AJ Gomez to interplead and settle amongst themselves their rights to the Disputed Assets;

e. Enjoining any parties, named or unnamed, from instituting or pursuing any action against E*TRADE or any of its agents or affiliates relating in any way to the Disputed Assets;

f. Awarding E*TRADE the reasonable costs and attorneys' fees incurred in commencing this action; and

g. Ordering such other relief as the Court deems just and proper.

Dated: February 8, 2019	Respectfully submitted,

By: /s/ James T. Hultquist
James T. Hultquist
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
T: (312) 207-1000
Email: jhultquist@reedsmith.com

*Counsel for Interpleader Plaintiff E*TRADE Securities LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2019, I electronically filed the foregoing **INTERPLEADER COMPLAINT** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the CM/ECF participants who have entered an appearance in this action.

/s/ James T. Hultquist
James T. Hultquist