IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **E*TRADE Securities LLC**, <br><br> Interpleader Plaintiff, <br><br> v. <br><br> **Felipe Nery Gomez and Arthur James Muellman Gomez**, <br><br> Interpleader Defendants. | No.: 1:19-cv-00827 <br> Honorable Rebecca R. Pallmeyer |

**INTERPLEADER PLAINTIFF E*TRADE SECURITIES LLC'S RESPONSE TO INTERPLEADER DEFENDANT FELIPE NERY GOMEZ'S MOTIONS FOR JUDICIAL NOTICE**

Interpleader Plaintiff E*TRADE Securities LLC ("E*TRADE"), by and through its counsel, hereby responds as follows to the following motions filed by Interpleader Defendant Felipe Nery Gomez ("Mr. Gomez"): "Motion for Judicial Notice of Fact Gomez is on SNAP" [ECF No. 203], "Motion for Judicial Notice of Fact ETRADE is Asserting The Stipulation is Valid in Other Courtrooms" [ECF No. 204], "Motion for Judicial Notice of 3.24.22 Dismissal of Gomez v. Hultquist 21CH 4356" [ECF No. 205], and "Motion for Judicial Notice of Affidavit of Larry Weisenthal" [ECF No. 206].

**INTRODUCTION**

None of the four motions filed by Mr. Gomez on March 24, 2022 are relevant to the sole issue that remains in this case—the Court's independent review of E*TRADE's billing records to determine the amount of fees and costs to be awarded to E*TRADE. Mr. Gomez's motions ask the Court to take judicial notice of several facts that are either not subject to judicial notice under Fed. R. Evid. 201 or completely irrelevant to the Court's review of undersigned counsel's billing records. Therefore, all four motions should be denied. While E*TRADE will respond to each of

these motions in turn, they are just the latest instance in this case where Mr. Gomez filed incoherent and frivolous filings that have only wasted E*TRADE's and the Court's time and further driven up the cost to E*TRADE of responding to Mr. Gomez's frivolous filings.

## LEGAL STANDARD

Under Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

## ARGUMENT

**I. The Court Provided Mr. Gomez Numerous Opportunities to Respond and Object to E*TRADE's Request for Fees and Costs.**

In each of his motions, Mr. Gomez claims that the March 21, 2022 Order [ECF No. 202] is "targeting" him "for further punishment for standing up for his Son and his own Rights by announcing a fee award in a long closed case with no opportunity to defend." (ECF Nos. 203-206.) This self-serving description of the history of this case could not be further from the truth.

Despite the passage of multiple years and numerous opportunities from the Court, Mr. Gomez never filed a response to E*TRADE's motion for attorneys' fees and costs. (*See, e.g.*, ECF No. 114 at 1) ("Plaintiff's motion for attorney fees and costs [86] is taken under advisement. Defendants have declined to respond to this motion but the court will extend the date for their response to 3/18/2020."). When Mr. Gomez refused to comply with the parties' stipulation that would have resolved the case, the Court granted E*TRADE's motion. (*See* ECF No. 166 at 1) ("The court believes the stipulation is enforceable by its terms and that Defendants' failure to dismiss other litigation is a breach of the parties' agreement and potentially a contempt of the

court. E*Trade now seeks a ruling on its motion for an award of attorneys' fees and motion to discharge, noting that apart from moving to strike the motion for fees, Defendants have not responded to those motions. The motion for a ruling [165] is granted. The motion for an award of fees and costs [86] is granted, and fees are awarded in favor of E*Trade."). On April 2, 2021, the Court afforded Mr. Gomez a final opportunity when it ordered the parties to meet and confer under Local Rule 54.3 regarding the amount of fees and costs to be awarded to E*TRADE. (*See* ECF No. 184.) Mr. Gomez, however, refused to meet and confer, which resulted in the March 21, 2022 Order, wherein the Court held that "Mr. Gomez has effectively forfeited his right to review counsel's billing records and supporting documentation." (ECF No. 202 at 2.)

Therefore, any notion that Mr. Gomez has not had the opportunity to defend against E*TRADE's motion for fees and costs is false. In fact, the Court has been more than generous and provided Mr. Gomez as many chances as possible to respond to the motion, but Mr. Gomez refused to do so at every turn.

**II. The Court Cannot Take Judicial Notice of the Fact that Mr. Gomez "is on SNAP" or that "He Has No Income."**

In his "Motion for Judicial Notice of Fact Gomez is on SNAP," Mr. Gomez asks the Court to take judicial notice of several facts pertaining to his purported lack of income. (*See* ECF No. 203.) The Court should deny Mr. Gomez's request because these purported facts are subject to reasonable dispute.

First, Mr. Gomez asks the Court to take judicial notice "of the fact that Gomez is on SNAP." (*Id.* at 1.) Presumably, Mr. Gomez is referencing the Supplemental Nutrition Assistance Program, formerly known as the Food Stamp Program. In support of this request, Mr. Gomez provides what he claims to be "a picture of his SNAP card." (*Id.* at Exhibit A.) Those photographs, however, do not contain any information indicating that the card belongs to Mr. Gomez. There is

no name or address on the card. All that is visible is an account number and an illegible signature. Mr. Gomez provides no other supporting evidence or documentation proving that he is on SNAP. Therefore, the Court cannot take judicial notice of this purported fact because it is subject to reasonable dispute. *See Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Whether a person is a beneficiary of SNAP is not "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1). Further, Mr. Gomez failed to supply the Court with "the necessary information" from which this purported fact could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(c). Accordingly, the Court should deny Mr. Gomez's request.

Next, Mr. Gomez asks the Court to take judicial notice of "the fact that Gomez has no income from his prior life as an Attorney and is forced to proceed IFP below and attempted to do so with Her Honor (the only Judge of over 20 to deny the IFP request), thanks to Her Honor's exparte suspension in 19D19 and ARDC's reciprocal 20PR0064." (ECF No. 203 at 1.) The only support Mr. Gomez supplies for this request is a copy of an order entered more than 14 months ago in an unrelated state court case that purportedly granted Mr. Gomez's application for waiver of court fees in that case. (*See id.* at Exhibit B.) Therefore, the Court cannot take judicial notice of the purported fact that Mr. Gomez "has no income." A private citizen's income is not "generally known within the trial court's territorial jurisdiction" and Mr. Gomez failed to supply the Court with "the necessary information" from which this purported fact could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(c). If, in fact, Mr. Gomez's income was at all relevant to the present motion (it is not),[1] there are

---

[1] While Mr. Gomez's ability to pay a monetary sanction may have been an equitable consideration for the Court's consideration, Mr. Gomez never raised—and therefore waived—that argument in response to E*TRADE's motion for

a myriad of ways in which Mr. Gomez could have established his purported lack of income. Relying solely on an old court order from another jurisdiction in an unrelated case is insufficient to establish that his income level is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Accordingly, the Court should deny Gomez's request.

Finally, Mr. Gomez asks the Court to take judicial notice "that food stamps and SNAP cards cannot be used to pay attorney fees" and "that blood cannot be gotten from a rock." These purported facts are not adjudicative facts, which the Advisory Committee has defined as "those to which the law is applied in the process of adjudication [and] the facts that normally go to the jury in a jury case." Fed. R. Evid. 201(b) advisory committee's note. The only adjudication left in this case is the Court's independent review of E*TRADE's billing records to determine the amount of fees and costs to be awarded to E*TRADE. Whether SNAP cards can be used to pay attorney fees or whether blood can be gotten from a rock are questions that will have absolutely no bearing on the Court's review of E*TRADE's billing records. Therefore, the Court should deny this request and deny Mr. Gomez's motion in its entirety.

**III.    The Court Should Deny Mr. Gomez's Request to Take Judicial Notice of a Motion for Sanctions that E*TRADE Filed Against Mr. Gomez in a Related State Court Case Because It Is Irrelevant.**

In his "Motion for Judicial Notice of Fact ETRADE is Asserting The Stipulation is Valid in Other Courtrooms," Mr. Gomez wants the Court to take judicial notice of a motion for sanctions that E*TRADE and its counsel filed against Mr. Gomez in a related state court case for the purpose of establishing that E*TRADE is estopped from seeking the fees it requests in this case. (*See* ECF No. 204 at 2.) Mr. Gomez's request should be denied.

---

fees. (*See* ECF No. 202 at 2) ("Mr. Gomez has effectively forfeited his right to review counsel's billing records and supporting documentation.").

- 5 -

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." *World Water Works Holdings, Inc. v. Cont'l Cas. Co.*, 392 F. Supp. 3d 923, 932 (N.D. Ill. 2019) (citation and quotations omitted). Therefore, even though the Court could take judicial notice of the existence of the motion for sanctions it filed against Mr. Gomez in a related state court case, the existence of that motion is not an adjudicative fact under Fed. R. Evid. 201(b) because it is irrelevant to the Court's independent review of E*TRADE's billing records.[2] Accordingly, Mr. Gomez's request should be denied.

The rest of Mr. Gomez's motion should also be denied because he asks the Court to make a legal conclusion regarding the existence of the motion for sanctions, which is not permitted under Fed. R. Evid. 201(b). *See King v. Kramer*, No. 13-2379, 2014 U.S. App. LEXIS 13252, at *31 (7th Cir. July 10, 2014) ("The district court correctly concluded that Plaintiff-Appellant's legal argument was not the proper kind of fact that may be judicially noticed under Federal Rule of Evidence 201(b)."). Whether E*TRADE is estopped from recovering its fees in this case is a legal argument. Therefore, the Court should deny Mr. Gomez's request. Besides, Mr. Gomez's request is moot given that the Court has already stated that it "is prepared to award attorney's fees and costs in favor of E*TRADE and against Felipe Gomez personally" notwithstanding the existence of the stipulation that Mr. Gomez refused to comply with. (ECF No. 202 at 1.) The Court should deny this motion in its entirety.

---

[2] E*TRADE has indeed filed a motion for sanctions in a frivolous state court case that Mr. Gomez filed in an effort to stop the baseless litigation that Mr. Gomez has continued to file against E*TRADE, its counsel, and its counsel's law firm.

### IV. The Court Should Deny Mr. Gomez's Request to Take Judicial Notice of Filings in Other Litigations Because They are Irrelevant.

Mr. Gomez makes a similar request in his "Motion for Judicial Notice of 3.24.22 Dismissal of Gomez v. Hultquist 21CH4356." (ECF No. 205.) He asks the Court to take judicial notice of his voluntary dismissal of a case against Mr. Hultquist and the fact that he did not sue E*TRADE or its counsel in two cases pending in California federal court for the purpose of establishing that he has no pending litigation against E*TRADE. Mr. Gomez's requests should be denied.

As established in Section III *supra*, while the Court may take judicial notice of the existence of filings in other cases, Mr. Gomez's voluntary dismissal of a state court case against Mr. Hultquist is not an adjudicative fact under Fed. R. Evid. 201(b) because it is irrelevant to the Court's independent review of E*TRADE's billing records. Therefore, the Court should deny Mr. Gomez's request to take judicial notice of that dismissal.

The other aspects of Mr. Gomez's motion should also be denied. First, Mr. Gomez wants the Court to take judicial notice of the fact that the dismissal of the state court action in Exhibit A "thereby leav[es] no action extant against ETRADEor [sic] any signor of the Stipulation." In addition to not being an adjudicative fact under Fed. R. Evid. 201(b), Mr. Gomez has failed to supply "the necessary information" for the Court to take judicial notice of this fact. Fed. R. Evid. 201(c)(2). The Court cannot "accurately and readily determine" that there are no other actions pending against E*TRADE based on this dismissal order alone. Indeed, the related state court case that Mr. Gomez filed against E*TRADE, Reed Smith, and Mr. Hultquist that is the subject of Mr. Gomez's motion at ECF No. 204 is still pending and on appeal by Mr. Gomez.

Second, Mr. Gomez wants the Court to take judicial notice of the fact "that Gomez DID NOT sue any signor of the Stipulation" in *Gomez v. Weisenthal et al.*, 8:21-cv-02039-JLS-JDE, and *Gomez v. Charles Schwab and Co. Inc., et al.*, 2:22-cv-00576-JLS-JDE (together, the

"California Litigation"). Again, this is not an adjudicative fact under Fed. R. Evid. 201(b) because it is irrelevant to the Court's independent review of E*TRADE's billing records. The Court should also deny Mr. Gomez's request because he contradicts himself in a related filing when he states he is going to add E*TRADE as a defendant in the California Litigation. (*See* ECF No. 204 at 2) ("Gomez will fight with his last breath and will spare no quarter in addressing the inequities allowed to occur, and the criminality being allowed to proceed, unabated, having begun that in Gomez v. Schwab 2:21cv2039 CDCAL, **with ETRADE, ands [sic] Mr. Hultquist, personally, to be joined down the line**.") (emphasis added). In other words, Mr. Gomez wants the Court to take judicial notice of the fact that he did not sue E*TRADE in the California litigation while he simultaneously states that he plans to add E*TRADE as a defendant to the same lawsuit. Accordingly, Mr. Gomez's request is pointless and should be denied.

**V.     The Court Should Deny Mr. Gomez's Request to Take Judicial Notice of the Existence of the Weisenthal Affidavit Because it is Irrelevant.**

Finally, in his "Motion for Judicial Notice of Affidavit of Larry Weisenthal," Mr. Gomez asks the Court to take judicial notice of an affidavit that Mr. Gomez filed in *Gomez v. Weisenthal et al.*, 8:21-cv-02039-JLS-JDE for the purpose of "rebuttal [to] the assertions that Movant's past and current attempts to get the truth of the matter out there were and are frivolous." (ECF No. 206 at 1.) The existence of this affidavit is not an adjudicative fact under Fed. R. Evid. 201(b) because it is irrelevant to the Court's independent review of E*TRADE's billing records. In addition, it is improper for Mr. Gomez to ask the Court to take judicial notice of Mr. Gomez's personal view of what the affidavit means for this case. Accordingly, the Court should deny this motion in its entirety.

## **CONCLUSION**

For the foregoing reasons, E*TRADE respectfully requests that the Court deny all four motions in their entirety.

Dated:  April 18, 2022                                             Respectfully submitted,


                                                             By: /s/ James T. Hultquist
                                                                     James T. Hultquist
                                                                     REED SMITH LLP
                                                                     10 South Wacker Drive, 40th Floor
                                                                     Chicago, IL 60606-7507
                                                                     T: (312) 207-1000
                                                                     Email: jhultquist@reedsmith.com

                                                                     *Counsel for Interpleader Plaintiff E*TRADE Securities LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/EFC system which will send notification of such filing to the CM/ECF participants who have entered an appearance in this action.

                                            /s/ James T. Hultquist
                                            James T. Hultquist